CHARLES LAWRENCE COMPANY *vs.* W. F. BUZZELL, et al.

Aroostook County.    Decided October 17, 1918.    This is an action of debt brought by Charles Lawrence Company, a Massachusetts corporation, doing a wholesale grocery business in Boston, against W. F. Buzzell and George Q. Nickerson, both of Houlton, Maine, sureties on a bond given the plaintiff company by Fred H. Harmon, plaintiff's travelling salesman in Aroostook County, conditioned on the said Harmon's accounting to said company for any and all moneys, checks, securities, etc., received by him from any of the debtors of said company.    The cause was heard before a jury at the November Term, 1917, of said court.    At the conclusion of plaintiff's evidence the presiding Justice directed a non-suit, with the stipulation on the part of the defendants, that if the Law Court overrules the order of non-suit, the Law Court are authorized to assess such damages as the

law and the evidence requires. The case is before the court on exceptions to such order.

The defendants contend that they are not liable upon the bond for two reasons:

First: that it was the duty of the plaintiff to make known all facts of which they had knowledge, that were material for the defendants to know before signing such an instrument; that they did not inform the defendants that the agent of the plaintiff was a criminal defaulter, which fact was material to the defendant, and that they had ample opportunity to notify them. On the contrary they fraudulently concealed this fact from the defendants, and that, therefore, the bond was never valid, and the defendants are not bound by it.

Second: Assuming the bond was valid at its inception, it was the duty of the plaintiff to make known to the defendants any default on the part of the principal which occurred after signing the bond; that the principal did default and that these defaults were never disclosed to the sureties, and that therefore the bond was avoided at the time the first default occurred, which was not disclosed to the defendants. The amount already paid, $350.00, would be more than enough to discharge all defaults, occurring prior to the plaintiff's learning of Harmon's default.

The pleadings present issues of fact, and the plaintiff's testimony was directed to meeting the allegations in the defendants' brief statement, while proceeding in the usual way in the attempt to make out a prima facie case. We think the plaintiff succeeded and that there was much evidence which from its very nature, being part oral and part documentary, tended to support the plaintiff's claim, and which if believed by the jury would have justified a verdict for the plaintiff. We are of the opinion that the case should have been submitted to a jury, but under the stipulation on page 26 of the case we are authorized to find, and do find, that the plaintiff is entitled to judgment for $650, and interest from May 27, 1915. So ordered. *Andrews & Nelson*, for plaintiff. *Pierce & Madigan, and Shaw & Thornton*, for defendants.